We'll move to our fourth case of the morning, bill number 21-3225, United States v. Jay Liestman. Mr. Pugney, nice to see you. Good morning. Good morning, Your Honor. It's nice to see all of you as well. May it please the Court. Sure. Two years ago, this Court and Ruth dealt with a similar statute, a parallel structure, offense related to a defined term, a defined term that wasn't specifically embedded into the clause, but one that was divided for the whole chapter. And, Ruth, it was 21 U.S.C. 841. And here, Congress has given one definition of child pornography that applies throughout. That definition is what we asked this Court to apply. But we went on two scenarios. First, as we've established, the definition is broader than Wisconsin employs. It hits bare breast as well as buttocks of a minor. And that's not just something that we've conjured up, but we have case law supporting the fact that people are prosecuted under that. But can I ask you, Mr. – I mean, I consider this a very difficult case, which is a great compliment to you, Mr. Pugney. But what this Court has said in, you know, Kramer and Kaufman and some of these other cases, is that even though you have, you know, a reference point in the statute, what's child pornography or whatever, when the words by whoever the legislature is use the term something like relating to that conduct, that indicates that something more than just the exact conduct is involved. So that relating to language is what the hook has been. Now, maybe Ruth is inconsistent with that. Maybe we've made a hash of all of this, you know. But that – I would like you to talk about what you mean by relating to or what we've meant by relating to. Sure. I think you've meant relating to as the Supreme Court used it in Malooly. That's exactly where Malooly says related to and then gives the conduct base. I don't think you've made hash out of it. I think what it really is is there has been a poverty of language when it comes to all of the categorical analysis. When you look at what courts have struggled with, they're kind of going to the gut instinct of like this doesn't match or this is close enough. And as cases come out and there's really a definitive decision, then we're like, oh, that makes sense. It wasn't until Ruth came out that everybody was like, wait, there's two categorical analyses? Well, then you have Shular. I mean there are two. The Supreme Court has told us there are two of them. I shudder to think. Maybe someday there will be ten. But it's – so we don't – we're not using the generic version. Correct. Branch. I think we can all – the Taylor idea is not involved in this case. We're dealing with this other branch, the conduct-based approach. But then as soon as you get into the conduct-based approach, you're no longer looking for an exact match, whether it's breasts and buttocks and genitalia or all these things that we have to deal with. You're looking to how tightly are we going to rule that this relating to standard has to be. So I quibble with the point that when you get to the conduct-based analysis, that you're not going with like a strict analysis. That's what Ruth says. Ruth says that and this court just said it in Turner just two weeks ago. Like this is a strict one-to-one. Does it look – is this meth or cocaine? Is it defined the same way? So relating to doesn't have that expansive. What does it mean then? What's the point of putting that set of words in? I think you actually have to go back to 18 U.S.C. 3559E. That's really where relating to and Congress uses that term to point to a statute. It says related to this crime and it points to that crime. It's pointing to the crime that the court is supposed to compare the prior offense to. But I'd push back a little bit even more that Kaufman and Kramer, when you go back to those cases, they're not saying, look, anything goes. And that's where related to where you're like, well – Are you compatible with Ruth and Shular, et cetera? I do in this specific format, Your Honor. When I read Kaufman over the weekend, we cite to the opening brief, but then I really had to digest it because I knew this was going to be the seminal question. What you have there was a guy who has a 2005 conviction for child pornography in – I can pass up the brief if you want. Oh, I got it. I got it. I meant Kaufman's. But you could have – he has a 2005 conviction. The Indiana Supreme Court – sorry, 2008 conviction. In 2005, Indiana says don't worry about the overbreath after Ashcroft. Ashcroft doesn't – we're not going to strike it down, but nobody should be prosecuted under that. So really you have a factual impossibility or a legal impossibility with Kaufman. There's nothing like – nobody's going to be charged with Picasso's nudes or with these types of things that would make it overbreath. Now, they didn't have the same language in Kaufman. It's decided right after Cramer and the parties didn't even – Go to Cramer, though, on the – this is a helpful dialogue. Go to Cramer on the 13-12 issue. Yeah. So I think that actually – so Cramer is saying, look, the 13 versus 12, all right? What is a generic offense? Now, this is where I think we disagree. I think when you have the defined term, you have to go conduct-based. And the government says, look, this is a generic analysis. That's their question presented. But if you go to Cramer and say, this is an undefined crime, abusive sexual conduct. There is not a Wisconsin abusive – so you're not looking at labels right now. You're just looking at what is the generic crime there. Well, is the generic crime – Well, which makes it a little different even from Mullooly where you have definitions. Exactly. We have definitions for child porn, but we don't – we have them in 109A. But we don't have them within this chapter. So if you have that with – so in a different chapter you have that. But in 109A you'd have the definitions of abusive sexual conduct. Are those the elements, right? But if you're going with a generic offense for these undefined crimes, then anything under 16 would be consistent with Esquivel-Katana. Esquivel-Katana is a Supreme Court case. We cite to it, but it's with immigration offenses. They say California's 17-year-old statutory rape falls outside of that. It's not going to be a sex offense. So then you could say Kramer is consistent with that, that abusive sexual conduct with a minor award. So long as it's under 16, that's what applies. They didn't say that specifically, but they're like, look, 12 is close enough to 13. It doesn't have to be a one-to-one with the federal statute. So are you reshaping your argument now that we don't need to revisit Kramer and Kauffman, that there's a way to decide this case in your view that preserves Kramer and Kauffman but still gets us to the place you want us at? I think that Kramer is not inconsistent with my position at all. I think Kauffman properly understood. If you want to say I cabin it, I don't know if you have to overrule it. I think you have to clarify it. I think there is no question that this panel, now with the benefit of Ruth and the benefit of Turner, says, look, Kauffman said heartland. What we meant is, does it line up? And it has to be that, and this is where the Turner language is important. In Kauffman, you had a factually impossible or legal impossibility, right? The leprechauns and zombies and whatever it might be. In Kauffman, you have the First Amendment impossibility. He can never be charged with this overbreath. Can I push you a little bit on? Go ahead and finish your thought. No, please, Your Honor. Can I push you a little bit on Turner? Yes. Okay. One of the things in Turner that strikes me is the panel there is trying to underscore as best you can, this is very sticky stuff. We know that. Don't lose the forest from the trees, and hence this realistic probability test. Okay. Link that with Judge Wood's points earlier about if we approach this case that way, how do we deal with the relating to language? Okay. So the realistic probability would be, is someone going to be charged with in Wisconsin? I'm going to use the concurrence in Turner. Come up with the real case. I don't think that should be the standard. I think it should be what the statute says. That's what this court has been doing for about 10 years. But if you say, look, the related to has to be to that, come up with a case that goes beyond this one-to-one for the definition of child pornography. That's how I would answer that response. And I think what we've done is we have the High Fort case. We cite it on pages 7 and 22, where it's a bare-breasted girl, I think she's 14, and she's in her underwear. Well, that's charged as child pornography in Wisconsin. So we're at the realistic probability. We have the case. So for our purposes right now today, that's enough. That's all you need to do to decide this case. But as you think about this decision and what related to does, I think you just follow Ruth. And say when we have a defined term, we're going to go one-to-one. But when you have the abuse of sexual conduct and you have the other crimes or verbs, however you want to describe them, within 2251, those have to be given a generic definition. That's what this court said in Kramer. Sorry, go ahead, Your Honor. No, no, no. Can I run a different thought by you? You might think I'm out to lunch on this. All right, I've tried to untangle this. And that is, one of the things that I focused on in doing the comparison, the federal versus Wisconsin comparison here, is the language in the Wisconsin statute, the child pornography possession provision, about lewd exhibition. Yeah. Does that do any work in your view one way or another? So lewd exhibition, if you go back to the way it used to be, so 2256 gets changed I think in 2006, but I could be wrong. It used to be it's now lascivious, right? And so it was just that we kept the lewd exhibition. Like it has to be something that it's not. The lewd and lascivious are going to mean the same thing. I think the Supreme Court says that in Williams. But the exhibition itself, I think that goes back to it has to be sexual conduct. Do you know what I'm saying? If you're right about that, so the lewd exhibition of a minor's bare chest. Yep. Okay. In that way, that seems to me, when you just take the language relating to, it seems to fit the plain import of that, right? When you look at the federal. Why is that mistaken? Why is it mistaken? Why is it mistaken? Because when I look at it, the federal offense has to relate, or the state offense, I'm sorry, has to relate to, and we have the list in 2252b1. Correct. Okay. Child pornography. Right. Okay. So we look at the federal definition. We then go over and we look at Wisconsin. Right. And then we look at the lewd exhibition of a bare-chested minor. It does, yes. Right. Okay. Why doesn't that state offense relate to the federal offense of possessing child pornography? Sure. If the standard becomes that we're not going to ask for a one-to-one, then everything within the Venn diagram, right, everything relates to child porn. I don't know how closely you'd want it to be, right? Could it be a clothed picture and a sexually seductive 17-year-old? Is that related to child pornography? In some ways it is, if they were to criminalize that. So it doesn't even have to be a bare-chested. But related to, you look at Malouli, and in there I think it's footnote 9, they say, look, to the extension, everything goes, related to. They were addressing the dissenters. No, no, this is why we have to have the one-to-one. So it's not that related to. Well, to confine it. It's a proximate cause kind of problem almost. Not just to confine it, but think about here. We're dealing with Fifth Amendment, Sixth Amendment problems. Like we have to have notice. We have to have definiteness. And then what is the standard that anybody is going to conjure up? It really is much the ordinary case. How related to does it need to be? It's kind of close. And then who makes that decision? You started by saying you win two ways. Correct. And we spent some time discussing the mismatch between the child porn definition. Why, in your view, can we not just go there? I think you can go there. I think accessing, you can go there, the mismatch. I think the Ruth argument is the cleanest and easiest given this court's precedent, right? Accessing is also not on the list. Oh, I meant the breasts and the buttocks. Oh, no, that's what I meant. I agree. Not accessing. I think accessing is the related to problem. So I agree. I think if you apply Ruth, I win on the breasts and buttocks, right? I think that accessing is the fact that there's a negative implication canon. Now, the reason related to doesn't allow for that expansion is if you were to say an offense, da-da-da-da-da, trafficking, production, possession, and they give a litany, right, related to child pornography, well, now we have surplusage because all of those become unnecessary if you were to say related to means anything because you'd say an offense, child pornography, that's it because that's related to and then accessing, production, possession, all of that falls within it. But if you were to say you apply the non-surplusage canon, you'd say all those become rendered moot. Let's do this. Let's hear from the government, and we'll bring you back up for a couple minutes. Thanks. Okay. Good morning, Your Honors. Hi, good morning. We were, you can tell we got some questions here, so we were going a little bit longer, so don't worry about the red light so much. We'll give you a couple extra minutes. Thank you. May it please the Court, McKay-Newmeister on behalf of the United States. The method of analysis required to determine whether Section 2252B's recidivist enhancement applies in this case is squarely governed by this Court's precedents in Kaufman and Kramer. Under those decisions, the Court looks to the generic federal offense using corresponding federally defined offenses as a definitional starting point. But, of course, the whole problem we've been struggling with is that Kaufman and Kramer are not the only places where this Court has spoken to this. And, in fact, we have the Supreme Court coming in, weighing into this, not just in Shuler, but actually looking back a bit in Mullooly. And we have, you know, Ruth, which is a very recent decision of this Court, Turner, which is also a very recent decision. So they're in, as I read all of them, trying to come up with some unified approach, I think they're in a bit of tension with one another unless, you know, say with Ruth, we have a situation where the Wisconsin statute sweeps in significantly more than the federal statute does. Actually, you know, Ruth was rather esoteric in some ways on that, and there's nothing esoteric about the Wisconsin statute. And so I'm concerned that we can't just say Kramer-Kaufman done, you know, government wins. I think there's much more going on here. Yes, Your Honor. So I think the question then is whether anything that's happened since Kramer-Kaufman would cause this Court to question those decisions, whether they've been undermined. And they simply haven't. Well, so you have Shuler since then. You don't see a discussion, by the way, of Mullooly in Kramer-Kaufman. That's incorrect, Your Honor. Kramer does discuss and distinguish Mullooly and explain why the relating to language in 2252B is going to be given its normal expansive meaning in the context of this statute and explains why the reasons that Mullooly said context indicated a narrower reading there, why those reasons don't apply here. Well, and I'm just not sure about that because there is a federal drugs schedule. I mean, there are legislative things where we don't have that in the same way in all of these cases. Well, so just to sort of step back, Your Honor, and address Shuler in a little bit more depth because I think it helps explain why this Court's decisions in Kramer-Kaufman have not actually been undermined. Shuler was a very different statute than the one that we have here. In Shuler, the Court was looking at a statute where it called for an offense involving and then a list of terms, manufacturing, distributing. And involving in that case, the parties agreed, meant necessarily requires. And so the parties agreed it was a narrow understanding, and the Court said that that list of objects, manufacturing, distributing, controlled substances You've got to follow the criteria, right, and we are not in Taylor land. We're not making up a generic offense. So I want to push back on that, Your Honor. I think that it's our position that this is a generic offense analysis, but it just But you're blending them together. I'm a little concerned that the Supreme Court has told us that there are two categories. That's what they say in so many words. There are two categorical methodologies. Correct. So which one are you picking? So, Your Honor, this is Generic or conduct-based? It's generic, but I want to explain that there are a couple steps that does not resolve this case. So the government's position in this case is that there's some generic offense about child abuse? So that's correct, Your Honor. So the statute is referring to offenses. When you're dealing with child pornography, you have a defined term. We don't dispute that child pornography for the purpose of the federal generic offense is the definition in 2256. The federal offense is narrower than the Wisconsin offense, though. That's correct, Your Honor. But Congress intentionally used broad connecting language and said that when you are making that comparison between the state offense of conviction and the federal offense So you're blending. You are saying that it's a both and. You're saying that it's not a generic version. You're saying that this is a conduct-based approach, and we're supposed to take a broad look at the qualifying conduct. I disagree, Your Honor. I think so. I want to step forward. I think there are two steps here. The first step is, is this a generic offense approach or a conduct-based approach? And we say that it's a generic offense approach because of the way the statute is set forth. It says that convictions qualify for conviction under the law of any state relating to and then a list of things. That's not how Taylor is worded. Taylor just says, you know, blah, blah, blah, burglary. Yes, Your Honor, but Taylor is not the only way that the courts can signal that they are, that they're, that Congress signaled that the required analysis is a generic offense analysis. When Congress set forth the text of the statute, it gave a list of offenses. And, in fact, in defendant's brief, he refers to them as offenses. Aggravated sexual abuse, sexual abuse, possession of child pornography, those all correspond to offenses under federal law. And so what this court said in Kramer and Kaufman is that those are the starting point. We know that those federal offenses, at the very least, qualify as predicates for 2252 because that's what Congress said in the first part of 2252b1. So we have this federal definition, and that's going to serve as the baseline for our analysis. But when you fast forward through that, don't you get exactly to where Judge Wood is, that you have some overbreadth here? Yes, Your Honor, but because, so that's the second question. The first question is, is this a generic approach or a conduct-based approach? The second question is, once you've identified the comparator, are you comparing it to the elements of a generic offense or conduct? Once you have the comparator, the question is, what does that comparison look like? How close does the match have to be? So let's suppose, hypothetically, its age. You know, the states actually do vary on that. And some states draw the line at 14. Some states draw the line at 16. Some states draw the line at 17. Do we just wipe away those differences, in your view? So the question that the court would look at is, are those differences, do they actually matter in a way that would take these offenses outside of what Congress intended to cover? And it seems to me they reflect important state public policy about the relevant age of consent, about, you know, where something transforms itself from a child pornography offense to an adult pornography offense or adult sexual abuse offense. I mean, there's a whole family of offenses. It's not like you're off the hook completely if you happen to be an adult. But I'm disturbed at the standardless way that the government is approaching this relating to idea. It can't just be everything because there'd be no notice, as Mr. Bugney was pointing out. And I don't think it is everything, Your Honor. And I think that this court in Kramer and Kauffman set forth a couple questions that the court would ask to determine whether that's sufficient or not. How are they consistent with Ruth? Well, it's consistent with Ruth, Your Honor, for two reasons. One, Ruth specifically said that a conduct-based approach was required because the statute there said conduct relating to a list of offenses. Here we don't have any indication in the text of the statute that Congress wanted courts to examine conduct and not to make offenses. But I don't read it this way. The federal statute prior conviction under the laws of any state relating to various forms of conduct, aggravated sexual abuse, sexual abuse, abuse of sexual conduct involving a mind. Those are all things that a person does. That's not like burglary, arson, you know, et cetera. This court already explained in Kramer that it was looking at those as offenses, that it said it was applying a generic definition. And that's similar to what a number of other circuits have done in assessing 2252 and the related statutes. None of those other circuits. We see Kramer citing those other circuits in support of its position that we should abandon the categorical approach. But none of those other circuits actually do. We're not asking the court to abandon the categorical approach, Your Honor. The categorical approach applies here because we're looking at the offense of conviction and not underlying facts. We're also asking whether the state offense of conviction and its elements categorically relate to the federal generic offense. But Congress meant for that relationship to be something broader than a one-to-one match. We already know that under the generic offense approach, the categorical approach, as the Supreme Court said in Quarrels, you don't need exact congruence. It's okay if there are some minor state law variations and some minor discrepancies. And that's even where Congress said that a state law offense is burglary. Here, Congress said that the state law need only relate to the generic federal offenses. And that's a much broader connection. And as the Supreme Court said in Mullooly, ordinarily, relating to has a broad meaning. This court in Kramer and a number of other courts have said that there's no reason to apply the narrower understanding of relating to in this context. You're reading Kramer differently than Kramer reads itself, I think.  But I do want to make one point and make sure that I make one point before my time runs low. Is that if defendant is correct and a one-to-one match is required between the federal definition in 2256 and state definitions, that that runs a substantial risk of excluding approximately 40 state laws which have broader definitions of child pornography. But that doesn't mean that you can't impose a stringent sentence on a child pornographer. We have sentencing guidelines. We have 3553A. We have amples. These are just enhancers. We have ample authority to punish people in an appropriate way. The district court judges do, and we would be inclined, you know, on reasonableness review. It's hard to overturn that. Yes, Your Honor, but Congress knew that that was possible under the sentencing guidelines. But the reason that it imposed these minimums and that it— There's no rule that says Congress always intended the most punitive way of reading a statute. In fact, quite to the contrary, there's a rule of lenity. It's not that Congress necessarily wanted the most strict reading, Your Honor, but it did intentionally use broad language here because it knew that there were variations between state laws in this area. But why didn't they just add the words accessing to—accessing, and then it wouldn't be here? So Congress didn't have to, Your Honor, because relating to is already broad enough to encompass accessing. And I would note that accessing is a predicate under 2252B if an individual commits an accessing offense under federal law. And there's simply no reason that an access offense under federal law under 2252AA5 would qualify as a predicate, but that the same conduct, the same offense under state law would not. There's no reason to read the statute as excluding that. Okay. You have a final point you'd like to make? Yes, Your Honor. Just that this court already dealt with these questions in Cramer and Kaufman. It explained that this is a generic-based approach, that you use the child pornography definition, but ultimately the kind of comparison that you're making is not a one-to-one match. It doesn't require absolute congruence. There's nothing in Shuler or Ruth that undermines that. They dealt with very different statutes. And we know that Congress was trying to cover the waterfront here and reach all of these kinds of offenses that could possibly qualify as predicates by using intentionally broad language and because the consequences of requiring a one-to-one match would exclude the vast majority of state offenses for possession of child pornography, which is clearly not Congress's intent. And adding this enhancement to try to ensure that individuals who are repeat offenders are properly sentenced for violations of federal law. Okay. Very well. Thank you. Mr. Bugner, we'll give you a couple minutes. Thank you, Your Honors. So, Mr. Bugner, are we throwing away 40 state laws? I don't believe so. I saw the math for eight, and I thought I dismantled it in the reply brief. And all of those, like, I don't think you can make those kinds of representations. That we're going to throw out 40 state laws. Like, they haven't gone through and done the hard work, pulled what they need to pull to show that. And even what they did represent in their brief, I don't think it was accurate. Well, when we started down the road of the Categorical, when we go, when we rewind the tape, there's been a lot of state laws fall by the wayside. I'm out of breath. Absolutely. I mean, my word. You know? So, yeah. Go ahead. No, but that didn't stop this court from doing it with burglary. You know, it said, like, hey, like, burglary within it. No, that's the point, right? You name it. Name burglary and this and that and all that. And it's because you get to the fundamental point. The canons of law, the canons of statutory construction don't change with the charge. If you apply what you do in burglary, if you apply what you do in drug offenses to any other recidivist statute, here, the answer is easy. This doesn't count. I also would note, Your Honors, that the idea of coming up with a generic offense, and you have to have a generic offense. You can't just say it's so squishy that everything's going to apply. What does the district court do if it's a torso? You know, I put in the little, like, standard deviations out. What does the court do if it's a 19-year-old? How far away is going to be too far away? All those answers are swept away, and district courts and defendants and even prosecutors are very thankful if we just have a one-to-one because then we know exactly what's happening and we have the definiteness that the Fifth Amendment demands and that it provides to us. Okay, very well. Thanks to you. Thanks to both parties. We'll take the case under advisement.